IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DON'S FRYE, on behalf of herself and all others )
similarly situated, )
 )
   Plaintiff, ) No. 08 C 0213
 v. )
 ) Judge Robert W. Gettleman
L'OREAL USA, INC, a New York corporation, )
 )
   Defendant. )

## MEMORANDUM OPINION AND ORDER

  Plaintiff Don's Frye, individually and behalf of all others similarly situated, has brought a seven count putative class action complaint[1] against defendant L'Oreal USA, Inc., claiming that defendant's lipstick contains dangerously high quantities of lead. The complaint alleges violations of: the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 et seq. (Count I); breach of implied warranty under the Unified Commercial Code, 816 ILCS 5/2-314 (Count II); breach of implied warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1) (Count III); strict liability (Count IV); negligence per se (Count V), unjust enrichment (Count VI); and a claim for injunctive relief (Count VII).[2] Defendant has moved to dismiss the entire complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons explained below, defendant's motion is granted.

---

[1]Plaintiff brings this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

[2]Plaintiff has withdrawn her claim for injunctive relief in Count VII.

**FACTS**

Defendant L'Oreal manufactures and imports cosmetic products including lipstick products that are sold at various retailers throughout the United States. On October 11, 2007, the Campaign for Safe Cosmetics ("CFS") made public a report that revealed that certain of defendant's lipstick products, including "Colour Riche True Red" and "Colour Riche Classic Wine," contained dangerous levels of lead. According to the complaint, the tests conducted by the CFS revealed that the led level in Colour Riche True Red was .65 parts per million ("ppm") and Colour Riche Classic Wine was .58 ppm. The United States Food and Drug Administration ("FDA") has established a minimum of .1 ppm for candy.

Plaintiff alleges that she personally purchased and used Colour Riche True Red and Classic Wine during the "relevant time"[3] exposing her to the lead. Plaintiff alleges that defendant marketed its products as safe for use, and that had she known that the products contained lead she would not have purchased them. She does not identify any specific advertisements on which she relied.

**DISCUSSION**

Defendant has moved to dismiss all counts of the complaint under Fed. R. Civ. P. 12(b)(6). In analyzing the motion, the court must accept the well-pleaded allegations as true, and view those allegations in the light most favorable to plaintiff. McMillan v. Collection Prof'ls, 455 F.3d 754, 758 (7th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

---

[3]The "relevant time period" is not defined in the complaint.

formulaic recitation of the elements of the cause of action will not do . . ..." Bell Atlantic Corp. v. Twombly, __ U.S. __ 127 S.Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. Additionally, allegations of fraud are subject to a heightened pleading standard. Fed. R. Civ. P. 9(b). Fraud must be pled with particularity, which means the complaint must allege the "who, what, when, were and how" of the fraud. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

In Count I, plaintiff alleges that defendant violated the ICFA. To state a claim under the ICFA, the complaint must allege: (1) a deceptive act or practice by defendant; (2) defendant's intent that plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce; (4) actual damage to plaintiff; (5) proximately caused by the deception. Avery v. State Farm Mut. Auto Ins., Co., 216 Ill.2d 100, 180 (2005). Because it asserts fraud, a claim under the ICFA must be pled with particularity. Gallagher Corp. v. Mass. Mut. Life Insurance Co., 940 F. Supp. 176, 180 (N.D. Ill. 1996).

Defendant argues that plaintiff has not alleged, and cannot allege, that she has suffered any actual damages as a result of defendant's conduct, leaving recovery under the Act unavailable. Avery, 216 Ill.2d at 196-200. Because actual damages is an element of the claim, plaintiff must allege that she has been harmed in a concrete, ascertainable way. Therefore, defendant's alleged deception must have affected plaintiff in a way that made her tangibly worse off. "Theoretical harm is insufficient. Damages may not be predicated on mere speculation, hypothesis, conjecture or whim." Price v. Phillip Morris, Inc., 219 Ill.2d 192, 275 (2005) (Karmeier, J. concurring).

3

Plaintiff presents two arguments to establish damages. First, she argues she has alleged actual damage by seeking to recover pecuniary damages in the form of the cost of the lipstick. As both parties recognize, the appropriate standard for ascertaining plaintiff's right to damages is the benefit-of-the-bargain rule. Id. Under that rule, damages are determined by looking at the loss to the plaintiff, not the gain to the defendant. Id. Plaintiff is entitled to be placed in the same financial position she would have been absent the misrepresentation. Id. (citing Martin v. Allstate Ins. Co., 92 Ill.App.3d 829, 835 (1st Dist. 1981)). The measure of damages is the amount that will compensate plaintiff for the loss occasioned by the fraud, which is the amount she is actually out-of-pocket by reason of the transaction. Id.

In the instant case, plaintiff alleges that had the presence of lead been revealed, she would not have purchased the lipstick at issue. But she does not allege that she would not have purchased lipstick, that she would have purchased cheaper lipstick, or that the lipstick in question had a diminished value because of the lead. Simply put, there is no allegation that the presence of lead in the lipstick had any observable economic consequences.

For example, in Price, the plaintiffs purchased light cigarettes based on advertisements that led them to believe that the cigarettes posed a lower health risk than full flavored cigarettes, when just the opposite was true. The light cigarettes were more toxic. In Price, the plaintiffs could not establish any actual damages because they could not show that they paid more for the light cigarettes, or they bought more light cigarettes because they were "light." Therefore, they failed to prove a private right of action under the ICFA. Id. at 277-78. The same result applies in the instant case. There is no allegation of any economic damage in the complaint. See Verb v. Motorola, Inc., 284 Ill.App.3d 460 (1st Dist. 1996) (Plaintiff failed to allege actual damage

under the ICFA based on allegations that cellphone might not be safe, or of lesser value, and that refunds should be given based on alleged safety concerns. All allegations of damages were based on mere theoretical possibilities of injury.).

Plaintiff also attempts to allege actual injury in the form of a personal injury claim for medical monitoring. A claim for medical monitoring "seeks to recover only qualified costs of periodic medical examinations to detect the onset of physical harm . . .." In re Paoli Railroad Yard PCB Litigation, 916 F.2d 829, 850 (3rd Cir. 1990). It differs from, and is easier to establish than, a claim for "enhanced risk" of contracting a disease, which seeks compensation for the anticipated harm itself, proportionately reduced to reflect the chance that it will not occur. Id. Courts have been reluctant to recognize claims for "enhanced risk" because the claim is inherently speculative, requiring the court to "anticipate the probability of a future injury." Id. A claim for medical monitoring is less speculative because the issue is the "less conjectural question of whether the plaintiff needs medical surveillance." Id.

The Illinois Supreme Court has not yet accepted either cause of action. In Carey v. Kerr-McGee Chemical Corp., 999 F. Supp. 1109, 1119 (N.D. Ill. 1998), this court held that if faced with the issue, the Illinois Supreme Court would uphold a claim for medical monitoring without requiring plaintiffs to plead and prove either a present physical injury or a reasonable certainty of contracting a disease in the future. What is required is that plaintiffs plead and prove that medical monitoring is probably, not just possibly, necessary. Id. Thus, plaintiffs must establish that medical monitoring is necessary to a reasonable degree of medical certainty. Id. at 1120.

In Carey, the plaintiffs unquestionably had been exposed repeatedly to excessively high levels of radioactive thorium, and had no problem alleging facts to support a claim for medial

5

monitoring. The instant case is quite different. Plaintiff's complaint is woefully deficient of any allegations as to the amount or extent of her "exposure" to lead. All she alleges is that during the relevant time period she purchased and used the two lipsticks in question. She does not define the relevant time period. She does not allege how often she "used" the lipstick. She does not allege how often she bought the lipstick. She does not even allege that she was a "repeated" or "regular" user of the lipstick. Thus, plaintiff alleges no facts that could raise her claim of exposure to an excessive amount of lead sufficient to require medical monitoring above the speculative level.

Moreover, as defendant points out, what little plaintiff does allege defeats her claim. The complaint alleges that defendant's product has as much as .65 ppm of lead and that a woman consumes as much as 4 pounds of lipstick in a lifetime. Assuming all of the lipstick consumed contained lead (an unlikely event), over a 70 year period a woman would ingest a daily intake of .071 grams of lead. That figure, multiplied by .65 ppm (.000065 percent), equals .000000046 grams of lead per day. She also alleges that the FDA acceptable level of lead in candy is .1 ppm. That figure is based on a daily intake of 21 grams of candy per day, which equals an acceptable level of .0000021 grams of lead per day, which is approximately 45 times higher than what plaintiff alleges is in defendant's product. Therefore, accepting the allegations of plaintiff's complaint as true[4], the amount of lead contained in defendant's lipstick falls within acceptable levels. Accordingly, the court concludes that plaintiff has not pled a claim for medical

---

[4] As defendant points out, these statistics do not require the court to take judicial notice of the FDA standards (which, of course, it may; Menamiee Indian Tribe of Wisc. v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998)); they are taken from the face of the complaint itself.

monitoring damages and, consequently, has failed to allege any "actual damage" in support of her ICFA claim. Therefore, defendant's motion to dismiss Count I is granted.[5]

In Counts II and III, plaintiff brings claims for breach of implied warranty. Her failure to allege any injury of course defeats both claims. Additionally, in Illinois only a buyer in privity with a seller can maintain a claim for breach of implied warranty for recovery of economic damages, even under the federal act. Voelker v. Porsche Cars North America, 353 F.3d 516, 526 (7th Cir. 2006). The complaint does not allege contractual privity between plaintiff and defendant. Privity is not required for personal injury claims, but plaintiff cannot state a claim for medical monitoring. Accordingly, defendant's motion to dismiss Counts II and III is granted.[6]

Counts IV and V allege claims for strict liability and negligence per se. Both claims require actual injury as an element. Because plaintiff has not alleged actual injury, both counts are dismissed.

Finally, Count VI is a claim for unjust enrichment based on defendant's deceptive conduct. Because plaintiff has not been able to allege any injury resulting from the alleged deceptive conduct, Count VI is also dismissed.

---

[5] Plaintiff relies heavily on Judge Bucklo's decision in Stella v. LVMH Perfumes and Cosmetics USA, Inc., 564 F. Supp.2d 833 (N.D. Ill. 2008). However, it does not appear that the defendant in that case presented the arguments discussed above. To the extent that the decision in the instant case differs with Stella, this court respectfully disagrees with our distinguished colleague.

[6] In an effort to establish privity plaintiff submitted an affidavit in which she attests that she purchased "Christian Dior Addict Positive Red" lipstick about two years ago from Walgreens in Louisville for a price close to $10.00. Christian Dior is not a named defendant and its products are not at issue in this case. Moreover, according to a Dior website identified by defendant, Dior lipsticks are not sold in drug stores. In any event, these are matters outside the complaint and will not be considered by the court in deciding this Fed. R. Civ. P. 12(b)(6) motion to dismiss.

## CONCLUSION

For the reasons explained above, defendant's motion to dismiss the complaint in its entirety is granted.

**ENTER:** **October 28, 2008**

_____
**Robert W. Gettleman
United States District Judge**